UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HERMAN HARRIS, JR.,**

    **Plaintiff,**

    v.

                      Civil Action 2:17-cv-872
                      Judge Michael H. Watson
                      Magistrate Judge Elizabeth P. Deavers

**ARAMARK INCORPORATION,**
*et al.*,

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Herman Harris, Jr., a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Aramark Incorporation, Aramark Correctional Services, Inc., Timothy Shoop as the Deputy Warden of Operations at Chillicothe Correctional Institution ("CCI"), and employees at Pickaway Correctional Institution ("PCI") (together with Defendant Shoop, "the Individual Defendants"). (ECF No. 6.) This matter is before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 22) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** all claims for monetary damages against the Individual Defendants in their official capacities, Plaintiff's negligence claim under state law

1

against the Individual Defendants, and any claims based solely on a Defendant's supervisory capacity. It is **FURTHER RECOMMENDED** that Plaintiff be permitted to proceed with his remaining claims.

## I.

Plaintiff alleges that, at all times relevant to his Complaint, he was confined at PCI. (Amended Complaint, ECF No. 22, ¶ 4 ("Am. Compl.").) Plaintiff, who was working in PCI food service, alleges that on or around March 5, 2017, he was given "a highly toxic chemical cleaning product" (the "chemical") and directed to clean an area. (*Id*. at ¶¶ 5–7.) According to Plaintiff, he was not properly trained to use the chemical, was given no safety protections, and was not supervised while using the chemical. (*Id*. at ¶ 7.) Plaintiff alleges that after using the chemical, he sustained burns and injury to his hands and has undergone multiple minor hand surgeries. (*Id*. at ¶¶ 7, 11, 25.) Plaintiff names as Defendants Aramark Incorporation, Aramark Correctional Services, Inc., and the Individual Defendants in their individual and official capacities. (*Id*. at caption, ¶ 23.) Plaintiff seeks declaratory relief as well as exemplary, compensatory, and punitive damages. (*Id*. at ¶ 52.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked

---
[1] Formerly 28 U.S.C. § 1915(d).

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S.

527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

A. **Claims for Money Damages Against the Individual Defendants in Their Official Capacities**

As a preliminary matter, § 1983 does not permit Plaintiff to bring his claim for money damages against the Individual Defendants in their official capacities. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. In suits for damages, state officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's § 1983 claims for money damages against the Individual Defendants in their official capacities, therefore, are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003).

B. **Negligence Claim Against the Individual Defendants**

Plaintiff alleges that Defendants' negligence resulted in his injuries. (Am. Compl. at ¶ 39.) As set forth above, simple negligence is not actionable under § 1983. *Chesney*, 813 F.2d at 755. To the extent Plaintiff intends to assert a state-law claim of negligence against the Individual Defendants, that claim is also unavailing. The United States Court of Appeals for the Sixth Circuit has recognized "Ohio law requires that, prior to asserting a claim against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Ohio Revised Code § 9.86." *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). The Ohio Court of Claims has made no such determination in

this matter. This Court, therefore, is not in a position to determine whether the Individual Defendants are immune from Plaintiff's state-law claim of negligence. Until the Ohio Court of Claims determines that they are not immune, then, Plaintiff's state-law negligence claim against the Individual Defendants is not cognizable in this Court. Prior to the Court of Claims' determination, there is no negligence claim under Ohio law upon which relief can be granted against Individual Defendants in their individual capacities. The only cognizable negligence claim against the Individual Defendants, at least initially, lies against the State of Ohio in the Court of Claims. *Id.* (citing Ohio Rev. Code Ann. § 2743.02(F)). Accordingly, the Undersigned finds that Plaintiff's state-law claim of negligence is not properly before this Court and will not be until such time as a cause of action against Defendants is recognized under Ohio law.

**C.     Claims Based Only on Supervisory Liability**

To state a claim against a defendant in his or her individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior,

*Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee*, 199 F.3d at 300. Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D. Mich. 1987).

In the instant case, Plaintiff refers to certain Individual Defendants as acting in "a supervisory position." (Am. Compl. at ¶¶ 7, 13, 15, 17, 20–21.) It is not immediately clear from Plaintiff's allegations whether he intends to base liability exclusively on these Individual Defendants' supervisory capacity. To the extent that he intends to bring claims against these Individual Defendants merely because of their role as a managers or supervisor, Plaintiff's claims have no merit.

## III.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** all claims for monetary damages against the Individual Defendants in their official capacities and any claims based solely on a Defendant's supervisory capacity. It is **FURTHER RECOMMENDED** that Plaintiff's negligence claim under state law against the Individual Defendants be **DISMISSED WITHOUT PREJUDICE** to renewal should the Ohio Court of

Claims determine that the state employees are not entitled to immunity under O.R.C. § 9.86. Finally, it is **RECOMMENDED** that Plaintiff be allowed to proceed on his remaining claims.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: January 11, 2018     /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE