# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Herman Harris, Jr.,

    Plaintiff,

v.                                          Case No. 2:17-cv-872

Aramark Incorporation, *et al.*,       Judge Michael H. Watson

    Defendants.                       Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff Herman Harris Jr. ("Plaintiff"), proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Aramark Incorporation, Aramark Correctional Services, Inc., Deputy Warden of Operations at Chillicothe Correctional Institution Timothy Shoop, and employees at Pickaway Correctional Institution ("PCI") (together with Defendant Shoop, "the Individual Defendants"). Upon initial screening, pursuant to Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b), and 28 U.S.C. §§ 1915(e)(2) and 1915A, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's § 1983 claims for monetary damages against the Individual Defendants in their official capacities,[1] Plaintiff's state law negligence claim against the Individual Defendants, and any claims based solely on an Individual Defendant's supervisory role. R&R, ECF No. 23. Magistrate Judge

---

[1] Plaintiff does not object to this recommendation; therefore, the Court adopts this recommendation without conducting a separate *de novo* review.

Deavers further recommended that Plaintiff be permitted to proceed on his remaining claims. *Id.*

Plaintiff has timely objected. Obj., ECF No. 24. Plaintiff also moves this Court for leave to amend his filing dated June 26, 2018, entitled "Request for Judicial Notice," detailing his purported lack of medical treatment. Mot. to Correct, ECF No. 28. Plaintiff's motion for leave to amend his notice is **GRANTED**. Upon de novo review, and for the reasons set forth below, Plaintiff's objections to the R&R are **OVERRULED**, and the Court hereby **AFFIRMS** and **ADOPTS** the R&R.

## I. BACKGROUND

The Magistrate Judge sets forth the pertinent facts of this case in the R&R. *See* R&R 2, ECF No. 23. Plaintiff did not contest the Magistrate Judge's summary of the facts, nor did he include a summary of the facts in his objections to the R&R. Accordingly, this Court adopts the R&R's facts in full.

## II. STANDARD OF REVIEW

Under Rule 72(b), the Court must determine de novo any part of the Magistrate Judge's disposition to which Plaintiff has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* In conducting an initial screen of Plaintiff's Complaint, the Court recognizes that Plaintiff is proceeding without the benefit of an attorney. A pro se litigant's pleadings must be, and in this instance are, construed liberally and held to less

stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. ANALYSIS

Plaintiff raises two objections to the R&R. First, he contends that the Magistrate Judge erred in recommending dismissal of his state-law negligence claim against the Individual Defendants. To support this objection, Plaintiff argues that employees of Aramark Corporation and Aramark Correctional Services, Inc., operating under contract within Ohio prisons, are not entitled to qualified immunity. He further asserts that he has alleged sufficient facts to support his state-law negligence claim.

Under Ohio law, state officers and employees are generally immune from suit. *See, e.g., McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012) (interpreting Ohio law); *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989) (same); *James v. Tunnell*, No. 1:09-cv-00839, 2010 WL 2519654, at *4 (S.D. Ohio June 16, 2010) (same). Ohio Revised Code § 9.86 provides in relevant part:

> [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Ohio Rev. Code § 9.86. Ohio Revised Code § 2743.02(F) further provides in relevant part:

> A civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

Ohio Rev. Code § 2743.02(F). The Sixth Circuit has construed these provisions together to mean:

> Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.

*Haynes*, 887 F.2d at 705. In other words, "state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity." *Id.* at 704.

Although there is some divergence in the case law as to whether Aramark employees are considered "state actors" for purposes of § 1983, generally courts in the Sixth Circuit "have assumed, for purposes of screening, that Aramark is a state actor." *Mills v. Aramark Corp.*, No. 1:15-cv-610, 2015 WL 7820872, at *1 n.2 (S.D. Ohio Nov. 10, 2015) ((quoting *Dotson v. Shelby Cty.*, No. 13-2766-JDT-tmp, 2014 WL 3530820, at *13 (W.D. Tenn. July 15, 2014) (collecting cases)), *adopted and affirmed in Mills v. Aramark Corp.*, No. 1-15-cv-610 (S.D. Ohio Dec. 3, 2015).

Here, as the Magistrate Judge correctly observed, there is no evidence that an Ohio Court of Claims has determined that the Individual Defendants are not entitled to immunity. Thus, even if Plaintiff has alleged sufficient facts, as he contends, this Court lacks jurisdiction to hear his state-law negligence claim unless and until an immunity determination has been made by the Court of Claims. See *McCormick*, 693 F.3d at 664; *Haynes*, 887 F.2d at 705. For these reasons, Plaintiff's first objection is **OVERRULED**.

Next, Plaintiff objects to the Magistrate Judge's recommendation that his federal civil rights claims brought under § 1983 based solely on a Defendant's supervisory role be dismissed. He argues that the PCI security staff "breached security" and failed to carry out their duties to screen and inspect all shipments entering the institution, which allowed delivery of "a highly toxic chemical cleaning product" that ultimately resulted in Plaintiff's alleged injuries—first- and second-degree chemical burns. Obj. 2, ECF No. 24. In support, Plaintiff provides language from the Ohio Department of Rehabilitation and Corrections' ("ODRC") "Hazardous Communications and Chemical Control Guidelines," which he claims applies to all ODRC employees and contractors, including Aramark Incorporation, Aramark Correctional Services, Inc., and PCI employees. *Id.* at 3. Plaintiff contends that the Guidelines "create[] accountability and supervisory liability." *Id.* at 5. Further, Plaintiff argues that violations of his Eighth and Fourteenth Amendment rights resulted from "supervisors' failure to train or supervise," citing the Seventh Circuit's decision in *Goka v. Bobbitt*, 862 F.2d 646,

652 (7th Cir. 1988), for the proposition that supervisors can be held liable for knowingly failing to enforce a prison policy.[2] *Id.*

The crux of Plaintiff's argument—that supervisors can, in some instances, be held liable in their individual capacity under § 1983—is not wholly incorrect. His objection fails, however, because the R&R correctly concluded that Plaintiff's § 1983 claims brought against the Individual Defendants *merely* because of their role as a manager or supervisor fail as a matter of law. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) ("[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another."). Indeed, because supervisors "are often one step or more removed from the actual conduct of their subordinates," the law requires "more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." *Id.* So, "[w]hile an individual supervisor may still be held liable in his or her individual capacity [under § 1983] . . . the [plaintiff] must point to a specific action of each individual supervisor to defeat a qualified immunity claim." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 544 (6th Cir. 2008). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 543 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300

---

[2] In his objections to the R&R, ECF No. 24, Plaintiff also asserts that the Occupational Safety and Health Act ("OSHA") should apply to his case. But it does not appear that Plaintiff has alleged an OSHA violation in his Amended Complaint, *see* ECF No. 22, and a new claim cannot be added via objections to an R&R.

(6th Cir. 1999)). In this case, the R&R correctly concluded that Plaintiff's allegations that the Individual Defendants are liable merely because they were "acting in a supervisory position" are insufficient to state a claim for relief. Therefore, Plaintiff's second objection is **OVERRULED**.

Plaintiff has not asserted any other objections; thus, the Court **ADOPTS** the remainder of the R&R.

For the reasons set forth above, Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. R&R, ECF No. 23. Moreover, Plaintiff's motion to correct the filing is **GRANTED**. ECF No. 28. Plaintiff is permitted to proceed with his remaining claims.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**