# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HERMAN HARRIS, JR.,**

    Plaintiff,

    vs.

**ARAMARK INCORPORATION,** *et al.*,

    Defendants.

Case No. 2:17-cv-872

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of several Motions. For the reasons that follow, Defendants' Motions to Strike (ECF Nos. 68 & 69) are **GRANTED**. Plaintiff's Motion for Leave to File Out of Time Judicial Notice (ECF No. 66) is **ORDERED STRICKEN**. ODRC Defendants' Motion to Stay Discovery (ECF No. 70) and Defendants Aramark Correctional Services, LLC and Aramark Employees' Motion for Protective Order to Stay Discovery (ECF No. 71) are **GRANTED**. Plaintiff's Motion for Leave to File to the Court his First Set of Interrogatories, construed as a Motion for Discovery, (ECF No. 67) is **DENIED**.

**I.**

On October 4, 2017, Plaintiff Herman Harris, Jr. ("Plaintiff"), a state prisoner proceeding in this case without the assistance of counsel, was residing at the Pickaway County Correctional Institution. He initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against six employees of the Ohio Department of Rehabilitation and Corrections ("ODRC Defendants"), Aramark Correctional Services, LLC (improperly named in the Complaint as Aramark

Incorporation ("Aramark"), and three Aramark employees ("Aramark Employee Defendants"). (ECF No. 1.) Plaintiff subsequently filed an Amended Complaint on January 3, 2018. (ECF No. 22.) In the Amended Complaint, Plaintiff asserts claims for violations of his constitutional rights based on injuries that he allegedly sustained after using a chemical-cleaning agent that purportedly burned his skin. (*Id*.) On June 13, 2019, the ODRC Defendants filed Motions to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 36 & 37.) Similarly, on July 18, 2019, Aramark filed a Motion to Dismiss the Amended Complaint for failure to state a claim. (ECF No. 45.) On July 18, 2019, Aramark Employee Defendants also filed a Motion to Dismiss the Amended Complaint for failure to effectuate service of process pursuant to Federal Rule of Civil Procedure 4. (ECF No. 46.) Plaintiff filed Responses in Opposition to the Motions to Dismiss on September 18, 2019. (ECF Nos. 55 & 56.) Aramark filed a Reply on October 2, 2019 (ECF No. 58) and Aramark Employee Defendants filed a document the Court deemed a Reply. (ECF No. 59; *see* Order, ECF No. 61, construing brief as a Reply.) The parties' Motions to Dismiss are now ripe for disposition.

As pertinent here, on October 15, 2019, the Court issued an Order regarding the process of submitting briefs on the Motions to Dismiss. (ECF No. 61.) With respect to Aramark's Motion to Dismiss (ECF No. 45), the Court ordered that "no additional briefing on this Motion to Dismiss is permitted." (ECF No. 61.)[1] As to the Aramark Employee Defendants' Motion to Dismiss (ECF No. 46), the Court ordered Plaintiff to file any sur-reply if he intended to do so by October 29, 2019, and specifically indicated that "no extension of this deadline" would be permitted. (ECF No. 61.) The Court also specified in the Order that "no additional briefs

---

[1] Although untimely, the Court ultimately permitted and filed Plaintiff's Sur-Reply. (ECF No. 64.)

beyond motion, opposition, and reply shall be permitted except upon leave of court and for good cause shown" pursuant to Local Rule 7.2(a)(2). (*Id*.) Finally, the Court advised that nothing in the Order "should be construed to invite motions to exceed the briefing authorized by the Local Rules." (*Id*.)

Notwithstanding these explicit directives, on December 5, 2019, Plaintiff filed a document titled in full as follows:

> Plaintiffs' motion Seeking Leave to File out of time Plaintiff's Judicial Notice Supported by Sworn Affidavit/Sworn Testimony with Brief Chronology of Fact(s) Surrounding Plaintiff's/Affiant's Constitutional Injuries & Physical Injuries***Affiant's/Plaintiff's Belief of Being Hindered Meaningful Access to the Court's at the Allen Correctional Institution under the Control of Ohio's Department of Rehabilitation & Correction.

(ECF No. 66, "Motion for Leave.") Plaintiff's Motion for Leave is comprised of 13 single-spaced pages and 36 paragraphs including numerous sub-paragraphs). (*Id*.) The Court cannot discern clearly what relief Plaintiff is seeking in the Motion for Leave. Nevertheless, the Court concludes that the Motion for Leave does not comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's October 15, 2019 Order. For these reasons, the Motion for Leave is **ORDERED STRICKEN**.

## II.

As previously noted, the Court is unclear what relief Plaintiff is seeking in the Motion for Leave. As best as the Court can glean, because Plaintiff appears to allege additional facts, his Motion is best construed as an improper Second Amended Complaint for which he did not first seek leave of Court to file.

**A. Violation of Fed. R. Civ. P. 15(a)(1) and S.D. Ohio Civ. R. 7.3**

Upon review of Plaintiff's Motion for Leave, it appears to be Plaintiff's attempt at unilaterally filing a Second Amended Complaint without first seeking leave of Court. Both the Federal Rules of Civil Procedure and this Court's Local Rules prohibit this filing under the circumstances presented here.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once as a matter of course within 21 days of serving it, or within 21 days of being served a response. Fed. R. Civ. P. 15(a)(1)(A)-(B). Beyond the 21-day window, a party may only amend a pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 7.3, which governs consent to motions, provides as follows:

> (a) **Motions for Extension of Time**. Prior to filing any motion for an extension of time, counsel shall consult with all parties (except prisoners appearing pro se) whose interests might be affected by the granting of such relief and solicit their consent to the extension. The motion shall affirmatively state that such consultation has occurred or was attempted in good faith and shall state whether the motion is unopposed. If the extension is not opposed, the movant should submit a proposed order to the Court in the form prescribed by S.D. Ohio Civ. R. 7.4.
>
> (b) **Other Motions.** A party filing any other type of motion to which other parties might reasonably be expected to give their consent (such as a motion to amend pleadings, for leave to file a document instanter, for voluntary dismissal of a complaint or counterclaim, or to correct an electronic filing involving a technical error in using the ECF system) shall comply with the procedure set forth in S.D. Ohio Civ. R. 7.3(a) before filing such motion.

S.D. Ohio Civ. Rule 7.3.

Although captioned as a Motion for Leave, Plaintiff's Motion substantively appears to be a Second Amended Complaint. As previously discussed, Plaintiff initiated this case by filing the original Complaint on October 4, 2017. (ECF No. 1.) He subsequently filed the Amended Complaint on January 3, 2018. (ECF No. 22.) Now, almost two years after filing the Amended

4

Complaint, Plaintiff seeks file a Second Amended Complaint without first seeking leave of Court. Plaintiff, however, may not do so consistent with Federal Rule 15 and Local Rule 7.3.

Because Plaintiff did not seek consent from Defendants or permission from the Court before filing the Motion for Leave, it is improper under the Federal Rules of Civil Procedure and this Court's Local Rules.

## B. Violation of Court Orders

To the extent Plaintiff's Motion for Leave may be construed as another attempt to further respond to the arguments raised by Defendants in their Motions to Dismiss, it is again improper. As noted above, the Motions to Dismiss are fully briefed and currently pending before the Court. Furthermore, in its Order dated October 15, 2019, this Court stated that "[n]o additional briefing on [Aramark's] Motion to Dismiss ([ECF Doc. No. 45]) is permitted." (ECF No. 61.) Additionally, the Court advised the parties that "no additional briefs beyond motion, opposition and reply shall be permitted except upon leave of court for good cause shown." (ECF No. 61 (citing S.D. Ohio Civ. R. 7.2(a)(2).) Accordingly, Plaintiff's Motion for Leave, to the extent the Court interprets it as a further response to Defendants' Motions to Dismiss, violates the Court's October 15, 2019 Order.

## C. Request for legal counsel

Plaintiff also seems again to ask the Court to appoint him legal counsel. (ECF No. 66 at ¶36.) Plaintiff previously requested appointment of counsel, which the Court denied. (ECF No. 15.) In his Motion for Leave, if he intended to move the Court to appoint counsel, his Motion is **DENIED**. Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified

5

only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

**D. Access to Law Library**

In paragraph number 36 (a) – (u) of Plaintiff's Motion for Leave, he alleges that he is being denied access to the courts at the Allen-Oakwood Correctional Institute ("AOCI") where he is currently housed. On April 1, 2019, Plaintiff filed a "Motion for Emergency Order Granting Plaintiff Unlimited Access to Law Library During Regular Business Hours" (ECF No. 32), which the Court denied on April 5, 2019. (ECF No. 33). In his current Motion for Leave, Plaintiff again complains and provides numerous reasons that purportedly support his contention that he is being denied access to the courts. (ECF No. 66.) Yet, Plaintiff provided these same reasons in his prior motion seeking an emergency order regarding access to the law library. (*See* ECF No. No. 32.)

To the extent he is seeking relief in the form of greater access to the law library, Plaintiff's request is again **DENIED**. As the Court previously held, as a preliminary matter, the entity to which the requested relief would be directed, namely ODRC, is not a named party to this action such that the Court lacks jurisdiction over it. Furthermore, as the Court previously explained, Plaintiff has no right to unfettered access to the law library:

> Moreover, "[t]he right of access to the courts has never been equated with unfettered access to legal materials in a prison library." *Frantz v. Michigan Dep't of Corr.*, No. 1:11–cv–5842011 WL 3100564, at *5 (W.D. Mich. 2011). Notably, "[t]here is no constitutional right to any particular number of hours in the law library." *Thomas v. Campbell*, 12 F. App'x 295, 297 (6th Cir. 2001) ("As [inmate] Thomas admits that he has had access to the prison library, but just not as often as he desires, no constitutional violation has been established."); *cf. United States v. Washam*, No. 1:03CR-43-M, 2007 WL 1166035, at *1 (W.D. Ky. Apr. 17, 2007) ("It is well established that jail regulations 'which reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation

of legal papers' do not violate any constitutionally protected right to access to the courts.").

Additionally, while Plaintiff complains that the law library and LCI is deficient, "[e]ven if a law library is inadequate in some fashion, the inmate must demonstrate that the shortcoming caused some concrete injury to a non-frivolous legal proceeding." *Croney v. Fletcher*, No. 07-CV-42, 2008 WL 45413, at *1 (E.D. Ky. Jan. 2, 2008); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). Plaintiff has shown no such injury. (*See generally* ECF No. 32.)

For all of these reasons, Plaintiff's Motion (ECF No. 32) is **DENIED**.

(Order April 5, 2019, ECF No. 33.) For these same reasons, the Court concludes that Plaintiff is not entitled to any greater access to the law library.

### III.

On December 23, 2019, Plaintiff filed a "Motion/Application Seeking Leave to File to the Court Plaintiff's First Set of Interrogatories Limited to Twenty-Five (25) Questions on Each Named Defendant, Mr. Chad Kohn; Mr. Chad Hunt; Ms. Gail Sayre; & Mr. Justin Swanson" (ECF No. 67, "Motion for Discovery.") All Defendants seek relief from this Motion and move to stay discovery pending resolution of their Motions to Dismiss. (ODRC Defendants' Motion to Stay Discovery in Response to Plaintiff's Motion for Leave to File Discovery (ECF No. 70) and Aramark's Motion for Protective Order and to Stay Discovery (ECF No. 71).)

Rule 26(c) permits a district court to issue a protective order staying discovery during the pendency of a motion for "good cause shown." Fed. R. Civ. P. 26(c). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999). Limitation of discovery may be appropriate where claims are subject to dismissal "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W.A.*

7

*Foote Mem'l Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995). Whether to authorize a stay of discovery pending a preliminary ruling is discretionary. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304–05 (6th Cir. 2003). In ruling upon a motion for stay, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.,* No. 2:06–cv–0549, 2008 WL 641252, at *1 (S.D. Ohio, March 4, 2008). When a party seeks a stay, rather than a prohibition, of discovery, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from such discovery. *Marrese v. Am. Acad. of Orthopedic Surgeons,* 706 F.2d 1488, 1493 (7th Cir. 1983).

In exercising its discretion, this Court has found that filing a case-dispositive motion, standing alone, is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele.,* 2008 WL 641252, at *1 (denying the defendants' motion to stay discovery despite their pending summary judgment motion). If a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings*, 349 F.3d at 304 (quoting *Muzquiz,* 70 F.3d at 430). This Court, however, retains broad discretion in

determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn,* 190 F.3d at 719).

Based on this authority, after review of the docket and the pending Motions, the Court concludes that the Motions to Dismiss filed by each of the Defendants present issues that warrant a stay of discovery. Defendants' Motions to Dismiss are not merely "garden variety" under Rule 12(b)(6). The ODRC Defendants argue that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because, *inter alia*, his claims are based solely on *respondeat superior* which is not actionable. (ECF Nos. 36 & 37, *citing Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691-95 (1978).) In its Motion to Dismiss, Aramark maintains that Plaintiff's Amended Complaint is facially deficient and argues that Plaintiff failed to plead a violation of any federal law. (ECF No. 45.) Aramark Employee Defendants' Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(5) and raises a threshold jurisdictional question based on Plaintiff's failure to perfect service on them under Rule 4(m). (ECF No. 46.)

In the limited context of this case, the Count determines that good cause exists to stay discovery pending resolution of Defendants' Motions to Dismiss. The requested stay will benefit Plaintiff, Defendants and the Court. Disposition of the pending Motions to Dismiss will clarify what claims, if any, will proceed and will promote judicial economy. Conversely, compelling the parties to expend significant time and resources in addressing the merits of Plaintiff's claims by engaging in discovery would be unduly burdensome at this juncture. *See Cromer v. Braman*, No. 1:07-cv-9, 2007 WL 3346675 (W.D. Mich. 2007) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time

9

and effort of all concerned, and to make the most efficient use of judicial resources." (quotations and citations omitted).)

The Court will set a discovery schedule, if appropriate, following disposition of the Motions to Dismiss.

**IV.**

For the foregoing reasons, Defendants' Motions to Strike (ECF Nos. 68 & 69) are **GRANTED**. Plaintiff's Motion for Leave to File Out of Time Judicial Notice (ECF No. 66) is **ORDERED STRICKEN**. Defendants' Motion to Stay Discovery (ECF No. 70) and Defendants Aramark Correctional Services, LLC and Aramark Employees' Motion for Protective Order to Stay Discovery (ECF No. 71) are **GRANTED**. Plaintiff's Motion for Leave to File to the Court his First Set of Interrogatories, construed as a Motion for Discovery, (ECF No. 67) is **DENIED**.

**IT IS SO ORDERED.**


**DATED: January 8, 2020**　　　　　　　　　**/s/** *Elizabeth A. Preston Deavers*　　　
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**