**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**HERMAN HARRIS, JR.,**

        **Plaintiff,**

                              **Case No. 2:17-cv-872**

     **vs.**                       **Judge Michael H. Watson**

                              **Chief Magistrate Judge Elizabeth P. Deavers**

**ARAMARK INCORPORATION,**
*et al.*,

        **Defendants.**


<u>**REPORT AND RECOMMENDATION**</u>

      Plaintiff, a state inmate who is proceeding without the assistance of counsel, brings this

action under 42 U.S.C. § 1983 against Aramark Incorporation, Aramark Correctional Services,

Inc. (collectively, "Aramark"),[1] Aramark employees Chad Kohn,[2] Chad Hunt, and Gail Sayre

(collectively, "the Aramark Employees"; collectively with Aramark, "the Aramark Defendants"),

Timothy Shoop as the Deputy Warden of Operations at Chillicothe Correctional Institution

("CCI"), and employees at Pickaway Correctional Institution ("PCI") (together with Defendant

Shoop, "the CCI and PCI Defendants").  This matter is before the Court for consideration of the

Motion to Dismiss of Defendants Timothy Shoop, C. Crockett Harris, Missy Roush, Mary

---

[1] Aramark advises that Plaintiff improperly sued Aramark Incorporation and that the correct
entity is Aramark Correctional Services, LLC.  (ECF No. 45 at 1.)
[2] The Amended Complaint identified this Defendant as "Chad Khan."  (Am. Compl., caption.)
For ease of reference, the undersigned will refer to this Defendant as Chad Kohn.

Lawrence, and Justin Swanson (ECF No. 36), Motion to Dismiss of Interested Party, the State of Ohio, on Behalf of Defendant Stephen Ratcliff (ECF No. 37), Aramark's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 45), and the Aramark employees' Motion to Dismiss (ECF No. 46). For the reasons that follow, it is **RECOMMENDED** that Aramark's Motion to Dismiss (ECF No. 45), Aramark Employees' Motion to Dismiss (ECF No. 46), Plaintiff's Motion to Dismiss (ECF No. 56), and CCI and PCI Defendants' Motion to Dismiss as it relates to Defendant Swanson (ECF No. 36) be **GRANTED**. It is **FURTHER RECOMMENDED** that the Motion to Dismiss of Interested Party, the State of Ohio, on Behalf of Defendant Stephen Ratcliff (ECF No. 37) and CCI and PCI Defendants' Motion to Dismiss as it relates to Defendants Shoop, Crockett Harris, Roush, and Lawrence (ECF No. 36) be **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff alleges that, at all times relevant to his Complaint, he was confined at PCI. (Amended Complaint, ECF No. 22, ¶ 4 ("Am. Compl.").) Plaintiff, who was working in PCI food service, alleges that on or around March 5, 2017, Defendant Sayre, Aramark "Food Service Coordinator/Supervisor" who was under the direct supervision of Aramark's "Food Service Assistant Manager" Defendant Hunt, gave Plaintiff "a highly toxic chemical cleaning product[,]" Sysco HD Degreaser Supc 0616526 (the "chemical"), and directed him to clean an area in PCI. (*Id*. at ¶¶ 5–7.) According to Plaintiff, he was not properly trained to use the chemical, was given no safety protections, and was not supervised while using the chemical. (*Id*. at ¶ 7.) Plaintiff alleges that after using the chemical, he sustained burns and injury to his hands and has undergone multiple minor hand surgeries. (*Id*. at ¶¶ 7, 11, 25.) As a result, Plaintiff alleges that he has suffered severe emotional distress, pain and suffering, and "possible [future] medical

concerns" "resulting in nerve damage and/or unforeseeable injuries to his skin tissue in both his left and right hands." (*Id*. at ¶ 25.)

## II. STANDARDS OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(6)

The Aramark Defendants[3] and the CCI and PCI Defendants move to dismiss Plaintiff's claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 36, 37, 45.)  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the

---

[3] The Aramark Employees argue in the alternative that if the Court finds that Plaintiff perfected service on them, Aramark's arguments under Rule 12(b)(6) apply equally to them.  (ECF No. 46 at 2 n.1.)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

Finally, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and therefore are liberally construed." *Olivares v. Michigan Worker's Comp. Agency*, No. 18-2369, 2019 WL 2299250, at *2 (6th Cir. Apr. 16, 2019) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (vacating dismissal of civil rights complaint and remanding for further proceedings)); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) ("But we hold pleadings filed by a pro se litigant 'to less stringent standards than formal pleadings drafted by lawyers,' and [we] may not uphold the dismissal of' a pleading by a pro se litigant simply because we think the allegations unlikely.") (quoting *Thomas*

*v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)). However, "'pro se plaintiffs are not automatically entitled to take every case to trial.'" *Robinson v. Killips*, No. 18-1485, 2019 WL 1931873, at *1 (6th Cir. Feb. 22, 2019) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) (affirming in part and reversing in part dismissal of *pro se* complaint).

## B. Federal Rule of Civil Procedure 12(b)(5)

The Aramark Employees also move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to effect timely service of process under Federal Rule of Civil Procedure Rule 4(m). (ECF No. 46.) "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib. Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Federal Rule of Civil Procedure 12(b)(5) provides that insufficient service of process is a "defense to a claim for relief in any pleading" that may be asserted by motion. Fed. R. Civ. P. 12(b)(5). Under Rule 4(c)(1), a plaintiff is responsible for serving a defendant with both the summons and comply within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires that a plaintiff serve defendants within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). However, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to timely effect service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If the plaintiff has not shown good cause, the Court must dismiss the action without prejudice or direct that service be effected within a specified time. *Id*.

## IV. CCI AND PCI DEFENDANTS' MOTION TO DISMISS

Defendants Timothy Shoop, C. Crockett Harris, Missy Roush, Mary Lawrence, and Justin Swanson the Interested Party, the State of Ohio, on Behalf of Defendant Stephen Ratcliff

move to dismiss Plaintiff's claims. (ECF Nos. 36 and 37.) Plaintiff has filed a combined Opposition to these Motions and Motion to Dismiss Without Prejudice (ECF No. 56).[4]

**A.    Claims Against Defendants Shoop, Crockett Harris, Roush, Lawrence, and Ratcliff**

In response to the CCI and PCI Defendants' Motions to Dismiss (ECF Nos. 36 and 37), Plaintiff moves to dismiss without prejudice Defendants Shoop, Ratcliff, Crockett Harris, Lawrence, and Roush. (ECF No. 56 at PAGEID # 669.) These named Defendants have not responded to Plaintiff's Motion. To the extent Plaintiff seeks to dismiss without prejudice Defendants Shoop, Ratcliff, Crockett Harris, Lawrence, and Roush, it is therefore

**RECOMMENDED** that Plaintiff's motion (ECF No. 56) be **GRANTED** and that the Motions to Dismiss (ECF Nos. 36 and 37) as to these Defendants be **DENIED AS MOOT**.

**B.    Claims Against Defendant Swanson**

Plaintiff's allegations in the Amended Complaint specifically against Defendant Swanson are as follows:

> 17) The Defendant Justin Swanson, in his supervisory position over all Hazardous/ Caustic/Toxic Chemicals and None Hazardous/Caustic/Toxic Chemicals entering the prison acted Deliberate Indifference in failing his duties to ensure all staff are properly trained on hazardous/caustic/toxic chemicals, this training all so include's [sic] the proper training of all inmates/prisoners that are given any chemical to clean with that enters the prison. The Defendant, Justin Swanson, failed his duties by not monitoring all hazardous/caustic/toxic chemicals entering the Institution by invoice as ordered by Aramark Correctional Services, Inc., at the Pickaway Correctional Institution. Defendant's Deliberate Indifference in failing to perform his duties ensuring the health and safety of plaintiff's explosure [sic] to the toxix [sic] chemical violating plaintiff's Eighth & Fourteenth Amendments resulting in cruel & unusual punishment entitling plaintiff to damages.

> 18) The Defendant Justin Swanson, failure directly resulted in the breach of security which allowed the Sysco Reliance HD Degreaser Supc 0616526 toxic chemical to be brought on prison grounds which plaintiff was exposed resulting in injuries of 1st/2nd and/or 3rd Degree Chemical Burns.

---

[4] These moving Defendants did not file a reply memorandum in support of their Motions to Dismiss or respond to Plaintiff's Motion to Dismiss.

(Am. Compl., ¶¶ 17–18; *see also id.* at ¶¶ 26–30 (asserting claims against all Defendants for deliberate indifference); ¶ 32 (asserting claims against all Defendants for violation of Plaintiff's equal protection rights); ¶ 33 (asserting claims against all Defendants for violation of Plaintiff's due process rights); ¶¶ 35–37 (asserting claims against all Defendants for failure to hire, train, instruct and/or discipline); ¶¶ 38–39 (asserting state claims of negligence against all Defendants); ¶¶ 40–45 (asserting against all Defendants claims under 29 C.F.R. §§ 1910.120, 1910.2200, *et seq.*); ¶¶ 46–49 (asserting claims for emotional distress against all Defendants).)  These claims are addressed in turn.

### 1.    Claims for deliberate indifference

Defendant Swanson contends that Plaintiff's claims against him must fail because they are based on Defendant Swanson's "supervisory position," constituting a claim of *respondeat superior* that is not actionable under Section 1983.  (ECF No. 36 at PAGEID ## 515–18.) Defendant Swanson further contends that he was not deliberately indifferent to Plaintiff in violation of Plaintiff's rights under the Eighth Amendment to the United States Constitution.  (*Id.* at PAGEID ## 519–20.)  Plaintiff disagrees, responding with additional factual allegations.  (*See* ECF No. 56.)  Defendant Swanson has not replied to Plaintiff's opposition and new allegations.

"[W]hen the pleadings are filed by pro se plaintiffs, the court *may* consider additional, supporting documents which either serve to elaborate on a complaint or amend the initial filing." *Tolliver v. Noble*, 752 F. App'x 254, 266, (6th Cir. 2018) (emphasis added) (citations omitted). As this Court has previously noted (ECF No. 72 at 4), Plaintiff previously has had opportunities to amend, and did, in fact, file an Amended Complaint.  (*See* ECF Nos. 15, 21, 22.) Nevertheless, under the present circumstances of the present briefing only and in excess consideration of Plaintiff's *pro se* status, the Court will consider Plaintiff's additional factual

allegations in his opposition brief (ECF No. 56) when considering Defendant Swanson's request to dismiss Plaintiff's claims against him.

As a preliminary matter, the Court notes that Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of her rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987). In addition, because Section 1983 is a method for vindicating federal rights, and is not itself a source of substantive rights, a plaintiff must first identify the specific constitutional right allegedly infringed in an action under Section 1983. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges that Defendant Swanson was deliberately indifferent in violation of Plaintiff's Eighth Amendment rights. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). "To show deliberate

indifference to workplace safety, prisoners must show that prison officials 'knowingly compel[led them] to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful.'" *Mustin v. Franklin*, No. 3:18 CV 2281, 2019 WL 1428340, at *2 (N.D. Ohio Mar. 29, 2019) (quoting *Jones v. Michigan*, 698 F. Supp. 2d 905, 914 (E.D. Mich. 2010) (alteration in original)). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). To satisfy the first prong, "the deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). Notably, only "extreme deprivations" will satisfy the objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Next, to satisfy the subjective prong, a plaintiff must show that a defendant had a "sufficiently culpable state of mind" constituting "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834 (internal quotation marks and citations omitted).

Here, Plaintiff alleges that he sustained "1st/2nd and/or 3rd degree chemical burns" on his hands. (Am. Compl., ¶ 7.) Accepting Plaintiff's allegations as true, he has alleged a sufficiently serious deprivation. *Cf. Farmer*, 511 U.S. at 834.

Plaintiff, however, has not met the subjective component of his deliberate indifference claim, which requires a showing that the prison official is "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the prison official] [] also [drew] the inference.'" *Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)); *see also Taylor v. First Med. Mgmt.,* No. 18-5282, 2019 WL 1313828, at *2 (6th Cir. Feb. 21, 2019) (stating that, to satisfy the subjective component, "the prisoner must show that the defendant recklessly

disregard[ed] the substantial risk of serious harm" by showing that "the defendant perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk") (internal quotation marks and citations omitted). Here, in his Amended Complaint, Plaintiff alleges that Defendant Swanson, "in his supervisory position over all Hazardous/Caustic/Toxic Chemicals[,]" acted with deliberate indifference when he failed to properly train inmates who are given chemicals to clean PCI. (Am. Compl., ¶ 17.) To the extent that this claim is based only on Defendant Swanson's supervisory authority and not personal involvement, the Court has already dismissed this claim. (ECF Nos. 23, 30.) If, construing these allegations liberally, Plaintiff intends to allege that Defendant Swanson personally failed to train him properly, this allegation does not show that Defendant Swanson had a sufficiently culpable state of mind, *i.e.*, that he knew of or disregarded an excessive risk to Plaintiff's health or safety. *See Ostrander v. Aramark Corp.*, No. 1:14-cv-1219, 2016 WL 5402828, at \*2–3 (W.D. Mich. Sept. 28, 2016) (finding that inmate plaintiff failed to state a claim for deliberate indifference against Aramark where the plaintiff alleged, *inter alia*, that he was given a "caustic chemicals" to clean an area and "was not told how dangerous or toxic this product was or is" and using them "resulted in chemical burns" to the inmate's leg). Therefore, Plaintiff has established, at most, that Defendant Swanson was negligent in this alleged job duty, which is insufficient to state a claim for deliberate indifference under Section 1983. *See Jones v. Campbell*, 25 F. App'x 287, 288 (6th Cir. 2001) (finding that district court properly dismissed prisoner plaintiff's Eighth Amendment claim for injuries suffered while working at a recycling center because defendants were, at most, "negligent for allowing [the prisoner] to work in conditions in which his accident was possible" and the prisoner "cannot base an Eighth Amendment claim on mere negligence"); *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987)

(stating that negligence is not sufficient to support an action under Section 1983); *Wheatley v. Ford*, No. 5:18-CV-P117, 2019 WL 2997840, at *3 (W.D. Ky. July 9, 2019) (finding that "Plaintiff's allegation that maintenance 'knew it [a machine that ultimately injured prisoner plaintiff] didn't work right' does not translate into an inference that a substantial risk of serious harm existed" and that "[w]hile Plaintiff suffered an unfortunate accident while working in the kitchen, his allegations do not constitute deliberate indifference to safety") (collecting cases); *Robertson v. Shelby Cty., Tennessee*, 2007 WL 9706140, at *5 (W.D. Tenn. July 13, 2007) (stating that the claim of unsafe working conditions did not rise to the level of deliberate indifference because "[a]t most, the allegations support a claim that the County was negligent for requiring [the prisoner plaintiff] to work under conditions that caused" his accident and that "'[c]ourts have recognized that the mere failure to provide proper instructions or safety devices for use on prison work details does not constitute deliberate indifference'") (quoting *Smalls v. Berrios, M.D.*, No. 3:06cv96, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007)) (collecting cases).

Plaintiff's new allegations in his opposition do not save this claim. Plaintiff contends that other inmates were injured by the chemical. (ECF No. 56 at PAGEID # 667.) It is unclear from this allegation whether these alleged injuries to other inmates occurred prior to or contemporaneously with Plaintiff's injury. (*See id.*) Even assuming *arguendo* that these injuries to other inmates occurred prior to Plaintiff's injury, nowhere in these new allegations does Plaintiff allege that Defendant Swanson was aware of these injuries, understood that the

chemical posed a substantial risk of serious harm, and that Defendant Swanson disregarded this risk. (*See generally id.*)[5]

Plaintiff also alleges that Defendant Swanson's failure to properly train him violated an internal policy promulgated by the Ohio Department of Rehabilitation and Correction ("ODRC") and Ohio state tort law. (*See, e.g.*, ECF No. 56 at PAGEID ## 678–80, 683–84.) However, "Section 1983 remedies violations of federal law, not state law or prison policy." *Kelley v. Hissong*, No. 2:19-cv-10685, 2019 WL 6039110, at *3 (E.D. Mich. Nov. 14, 2019) (citations omitted). Accordingly, alleged violations of Ohio law or an ODRC policy "do not rise to the level of a violation or deprivation of a right guaranteed by the United States Constitution cognizable under § 1983." *Id.* (collecting cases). Based on the present record, Plaintiff's allegations that Defendant Swanson's alleged failure to train Plaintiff as to the chemical's use therefore does not state a claim for deliberate indifference. *See Winkler v. Madison Cty.*, 893 F.3d 877, 891 (6th Cir. 2018) ("Nor does the failure to follow internal policies, without more, constitute deliberate indifference."); *Broughton v. Premier Health Care Serv., Inc.*, 656 F. App'x

---

[5] Plaintiff also attaches to his opposition a copy of an informal complaint resolution (ECF No. 56 at PAGEID # 686) and a disposition of grievance (*id.* at PAGEID # 687). At the motion to dismiss stage, courts generally may not consider information contained outside of the pleadings. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (citation omitted) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto."). However, "'when a document is referred to in the pleadings and is integral to the claims, it *may* be considered without converting a motion to dismiss into one for summary judgment[.]'" *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 653 (S.D. Ohio 2016) (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) (emphasis added)). Here, the pleadings do not refer to these documents and the undersigned need not consider them when addressing the Motion to Dismiss. *Id.* However, even if considered, these exhibits do not contain any indication that any of the Defendants had prior knowledge of the chemical injuring other inmates or that any of the Defendants knew that using the chemical posed a substantial risk of serious harm to Plaintiff or any other inmate and disregarded that risk. (*See* ECF No. 56 at PAGEID ## 686–87.)

54, 57 (6th Cir. 2016) ("To start, Broughton argues that medical staff 'failed to follow the written protocols regarding the screening of inmates.' That fact, even if true, hardly establishes deliberate indifference."); *Hacker v. Lincoln Cty. Detention Ctr.*, No. 2011-398, 2014 WL 5685538, at *5 (E.D. Ky. Nov. 4, 2014) ("Even if McAnich [prison defendant] had not followed the classification policy, at most this failure would amount to negligence, which does not rise to deliberate indifference."); *cf. Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 138 (6th Cir. 2014) ("But the dissent cites no authority for the proposition that any violation of a county's use-of-force policy equates to a constitutional violation.").

In his Amended Complaint, Plaintiff also alleges that Defendant Swanson "failed his duties by not monitoring all hazardous/caustic/toxic chemicals" entering PCI. (Am. Compl., ¶ 17; *see also id.* at ¶ 18 (alleging further that Defendant Swanson's failure in this regard "directly resulted in the breach of security which allowed" the chemical that burned Plaintiff to be brought into PCI).) However, these allegations fail to demonstrate that Defendant Swanson knew of or disregarded an excessive risk to Plaintiff's health or safety. (*See id.*) At most, Plaintiff has alleged that Defendant Swanson was negligent in performing his alleged job duties. As previously discussed, mere negligence is not actionable under Section 1983. *Chesney*, 813 F.2d at 755; *Sexton v. Neil*, No. 1:14cv26, 2014 WL 6453771, at *6 (S.D. Ohio Nov. 17, 2014) ("A culpable state of mind requires '[o]bduracy or wantonness,' not mere inadvertence.") (quoting *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992)); *Hacker*, 2014 WL 5685538, at *5.

Plaintiff's new allegations in his opposition brief on this claim are similarly unavailing. Plaintiff alleges that Defendant Swanson, as PCI's Safety & Health Coordinator, was responsible for monitoring chemicals entering PCI. (ECF No. 56 at PAGEID ## 668–69, 677.) According to Plaintiff, Defendant Swanson did "'what is easy,' and that was not to monitor hazardous

and/or non hazardous cleaning chemical being shipped and received into" PCI in violation of ODRC policy. (*Id.* at PAGEID # 682; *see also generally id.*) These allegations, however, do not show that Defendant Swanson subjectively perceived facts from which to infer a substantial risk to Plaintiff and that he did, in fact, draw the inference and disregarded it. *See Barnett*, 414 F. App'x at 787–88; *Taylor*, 2019 WL 1313828, at *2. Instead, these allegations establish, at most, that Defendant Swanson was negligent in his alleged job duty. Negligence, as discussed above, is insufficient to establish a claim for deliberate indifference under Section 1983, *see Chesney*, 813 F.2d at 755; *Hacker*, 2014 WL 5685538, at *5, as are alleged violations of ODRC policy, *see Winkler*, 893 F.3d at 891; *Broughton*, 656 F. App'x at 57; *Kelley*, 2019 WL 6039110, at *3; *Hacker*, 2014 WL 5685538, at *5. Accordingly, as to Plaintiff's claims for deliberate indifference against Defendant Swanson, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 36) be **GRANTED**.

### 2. Failure to train

Plaintiff alleges that Defendants violated his rights by failing to train subordinates. (Am. Compl., ¶¶ 34–37.) It is not immediately clear if Plaintiff intends to assert a separate failure to train claim against Defendant Swanson distinct from his deliberate indifference claim. However, even if he does intend to assert this separate claim, that claim is unavailing. "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citations omitted). "A supervisor is not liable pursuant to § 1983 for failing to train unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Phillips v. Roane Cty.*,

534 F.3d 531, 543 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300). Based on the factual allegations discussed earlier in this decision, Plaintiff has failed to assert facts from which it can be inferred that Defendant Swanson is liable on this claim. *Cf. Greiner v. Cty. of Oceana*, No. 1:19-cv-936, 2019 WL 6799096, at *4 (W.D. Mich. Dec. 13, 2019) (finding that the plaintiff failed to state a claim against individual defendants for a failure to train and supervise where the plaintiff "makes numerous conclusory assertions regarding the lack of training in the Oceana County Jail. However, Plaintiff fails to allege any specific facts supporting these assertions"); *Hill v. Village of Hamler*, No. 3:18-cv-2726, 2019 WL 4813002, at *4 (N.D. Ohio Sept. 30, 2019) (finding no factual allegations from which to infer that individual defendants "implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of their subordinates" and that "[t]he only specific factual allegations concerning these defendants simply state that they are responsible for their respective units and that defendant officers and paramedics were under their direction and control[,]" which was not enough to support liability under Section 1983). Accordingly, as it relates to any failure to train claims asserted against Defendant Swanson, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 36) be **GRANTED**.

### 3. Claim for violations of equal protection

Plaintiff alleges that all Defendants violated his rights under the Equal Protection Clause "by discriminating against Herman Harris, Jr., in their application of their policies, regulations, practices and customs." (Am. Compl., ¶ 32.)

The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Here, Plaintiff does not allege that he was subjected to disparate or discriminatory treatment because of his

membership in a protected class; nor does he allege that other similarly situated inmates were treated differently. (*See generally* Am. Compl.; ECF No. 56.) Accordingly, Plaintiff has not stated a colorable claim of denial of equal protection. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Wells v. Jefferson Cty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1008 (S.D. Ohio 2001). Accordingly, as it relates to the equal protection claims against Defendant Swanson, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 36) be **GRANTED**.

### 4. Claims for violations of due process

Plaintiff also alleges that all Defendants violated his due process rights "based on an irrational, unreasonable and discriminatory motivation and by applying vague statutes, ordinance policies, regulations, practices and customs against plaintiff." (Am. Compl., ¶ 33.)

Under the Fourteenth Amendment, no "State" may deprive "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The clause has both a substantive and a procedural component." *EJS Prop., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). "Procedural due process is traditionally viewed as the requirement that the government provide a 'fair procedure' when depriving someone of life, liberty, or property; substantive due process 'protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.'" *Id.* (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).

Here, while Plaintiff invokes the phrase due process and the Fourteenth Amendment, it is not clear whether he intends to assert a claim based on a violation of his procedural or substantive rights to due process. (*See* Am. Compl., ¶ 33.) Notably, in his opposition to Defendant Swanson's Motion to Dismiss, Plaintiff cites to the Due Process Clause of the Fourteenth Amendment as simply the method "that provides the same protections to pretrial

detainees" as the Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 56 at PAGEID ## 675–76.) Based on this record, it does not appear that Plaintiff intends to assert a claim for a violation of procedural or substantive due process separate from his claim for deliberate indifference under the Eighth Amendment.

Even if he did intend to assert a separate due process claim, Plaintiff's allegations against Defendant Swanson amount to, at most, negligence for the reasons previously discussed. However, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (citations omitted); *see also Range v. Douglas*, 763 F.3d 573, 590 (6th Cir. 2014) ("Merely negligent tortious conduct is categorically beneath constitutional due process[.]"). Accordingly, as it relates to any due process claims against Defendant Swanson, if asserted as separate claims at all, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 36) be **GRANTED**.

### 5. Claims under 29 C.F.R. §§ 1910.120, 1910.2200, *et seq.*

Plaintiff alleges that all Defendants "failed to meet requirements of Ohio's OSHA Standards & Federal OSHA Standards Regulations promulgated pursuant to 29 C.F.R. §§ 1910.120, and 29 C.F.R. §§ 1910.1200 subjecting Herman Harris, Jr., to discrimination and denial of equal protection of law(s) under the Fourteenth Amendment entitling plaintiff to monetary damages." (Am. Compl., ¶¶ 40–45.) However, "[t]his circuit has held that there exists no private cause of action for an alleged OSHA violation." *Madigan v. Nabisco Brands, Inc*., 46 F. App'x 329, 331 (6th Cir. 2002) (citing *Ellis v. Chase Commc'ns, Inc*., 63 F.3d 473, 477 (6th Cir. 1995)); *see also Ostrander v. Aramark Corp*., No. 1:14-cv-1219, 2016 WL 5402828, at *3 (W.D. Mich. Sept. 28, 2016) ("Plaintiff has no claim against defendants based on OSHA violations. OSHA does not create a private cause of action.") (citations omitted). Accordingly,

as it relates to claims against Defendant Swanson based on alleged violations of 29 C.F.R. §§ 1910.120, 1910.2200, *et seq.*, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 36) be **GRANTED**.

### 6. Claims for emotional distress

Finally, Plaintiff asserts claims for emotional distress, invoking 42 U.S.C. § 1997e(e) against all Defendants. (Am. Compl., ¶¶ 46–49.) This provision provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e). Therefore, Section 1997e(e) simply "prohibits prisoners from bringing a suit for mental or emotional injury without an accompanying physical injury." *Grissom v. Davis*, 55 F. App'x 756, 758 (6th Cir. 2003).

Here, while Plaintiff has alleged a physical injury, the Court lacks jurisdiction to consider his state-law claims of emotional distress. State employees like Defendant Swanson are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless . . . the . . . employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. The Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the . . . employee is entitled to personal immunity under section 9.86 . . . ." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Therefore, unless and until the Ohio

Court of Claims decides that Defendant Swanson may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider any state-law claims asserted against him. Accordingly, as it relates to state-law claims of emotional distress against Defendant Swanson, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 36) be **GRANTED**.[6]

## V. THE ARAMARK DEFENDANTS' MOTIONS TO DISMISS

Aramark moves to dismiss Plaintiff's claims against it, which it identifies as claims for deliberate indifference to Plaintiff's health and safety in violation of his rights under the Eighth and Fourteenth Amendments (Am. Compl., ¶¶ 26–30), deprivations of equal protection and due process (*id*. at ¶¶ 31–33), failure to hire, train, instruct and/or discipline subordinates (*id*. at ¶¶ 34–37), failure to provide reasonable care to avoid potential injuries and control hazardous, caustic, and/or toxic chemicals in violation of 29 C.F.R. Section 1910, *et seq.* (*id*. at ¶¶ 40–45); and causing emotional distress under 42 U.S.C. § 1997e(e). (ECF No. 45 at 3–4.) As previously noted, the Aramark Employees contend that Aramark's Rule 12(b)(6) arguments apply equally to them. (ECF No. 46 at 1.) Plaintiff has opposed these Motions to Dismiss, responding with additional factual allegations. (*See* ECF No. 55.) The Court also considers Aramark's Reply Memorandum (ECF No. 58), Aramark Employees' Supplemental Brief (ECF No. 59),[7]

---

[6] The Court previously dismissed Plaintiff's state-law claim of negligence against the CCI and PCI Defendants for the same reason. (ECF Nos 23, 30.)

[7] The Court previously construed this Supplemental Brief as a belated reply memorandum in support of the Aramark Employees' Motion to Dismiss and permitted Plaintiff to respond to this Supplemental Brief. (ECF No. 61.)

Plaintiff's Rebuttal/Opposition to Aramark's Reply (ECF No. 60),[8] and Plaintiff's response to the Aramark Employees' Supplemental Brief (ECF No. 64).[9]

Plaintiff's claims against the Aramark Defendants are addressed in turn.[10]

## A. Claims for deliberate indifference

Plaintiff alleges that the Aramark Defendants were deliberately indifferent to his Eighth Amendment rights, claims which contain both objective and subjective components. *Alspaugh*, 643 F.3d at 169. As with the deliberate indifference claim against Defendant Swanson, Plaintiff's allegation that he sustained "1st/2nd and/or 3rd degree chemical burns" on his hands (Am. Compl., ¶ 7), sufficiently establishes that he has met the objective prong of his deliberate indifference claims against the Aramark Defendants. *Cf. Farmer*, 511 U.S. at 834.

Plaintiff, however, has not met the subjective component of his deliberate indifference claims against the Aramark Defendants, which require a showing that these Defendants "recklessly disregard[ed] the substantial risk of serious harm" by showing that "the defendant[s]

---

[8] The Court's Local Rules do not authorize the filing of Plaintiff's response to Aramark's reply memorandum, without prior leave of Court upon good cause shown, of a response to a reply memorandum. *See* S.D. Ohio Civ. R. 7.2(a)(2) (providing that no additional memoranda beyond motion, opposition, and reply permitted "except upon leave of court for good cause shown"). Although Plaintiff did not seek prior leave or establish good cause for this additional briefing, the Court, under the present circumstances only and in excess consideration of Plaintiff's *pro se* status, the Court will consider Plaintiff's Rebuttal (ECF No. 60) when ruling on Aramark's Motion to Dismiss.

[9] After prior opportunities to amend his claims and to file supplemental briefing in connection with the Motions to Dismiss, the Court later declined to permit yet additional briefing on these motions. (ECF No. 72.)

[10] This Court has previously presumed that Aramark is a state actor purposes of acting under color of state law under Section 1983. (ECF No. 30 at 4–5.) *See also Vartinelli v. Aramark Corr. Servs., LLC*, No. 19-1428, — F. App'x —, 2019 WL 6464958, at *3 (6th Cir. Dec. 2, 2019) ("Aramark, of course, is a private entity, not a public body. But because Aramark contracted with the prison to provide basic necessities for inmates in place of the state of Michigan, it plausibly acted under color of state law for purposes of § 1983.") (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)).

perceived facts from which to infer substantial risk to the prisoner, that [they] did in fact draw the inference, and that [they] then disregarded that risk." *Taylor*, 2019 WL 1313828, at *2 (internal quotation marks and citations omitted); *see also Farmer*, 511 U.S. at 847. Here, Plaintiff alleges that the Aramark Defendants were deliberately indifferent as follows:

> 6) The prohibited toxic chemical was given to Plaintiff by Aramark Correctional Services, Incorporpation [sic] Food Service Coordinator/Supervisor Gail Sayre, under the direct supervision of Aramark Correctional Services, Incorporation Food Service Assistant Manager Chad Hunt at the Pickaway Correctional Institution located in Orient, Ohio.

> 7) The Defendants Chad Hunt, and Gail Sayre while under a supervisory position and/or execrcing [sic] his/her powers over plaintiff an inmate worker in central food service/chow hall ordering and providing the toxic chemical to plaintiff to clean with, without proper training, and without providing and/or offering safety protections, and without direct supervision of plaintiff by Aramark Correctional Services, Inc., staff which resulted in me receiving 1st/2nd and/or 3rd degree chemical burns on my hands.

> 8) Defendants Chad Hunt and Gail Sayre, acted with Deliberate indifference to plaintiff's health and safety violating my rights to be free from cruel and unusual punishments under the Eighth & Fourteenth Amendments of the United States Constitution, plaintiff is entitled to damages.

(Am. Compl., ¶¶ 6–8.)

> 19) The Defendant Aramark Corporation, knowingly violated State and Federal Laws 29 USCA §§ 651 et seq., and 29 CFR 1910.1 et seq Hazardous/Caustic/Toxic Chemical(s) Law(s) and Ohio's Department of Rehab. & Corrections Administrative Regulations 10-SAF-12 Hazardous Communications and Chemical Control Guidelines created to protect the Plaintiff from injuries with hazardous/caustic /toxic chemicals. The Defendant(s) Deliberate Indifference caused plaintiff to suffer cruel and unusual punishment. As a result of his 1st and 2nd Degree Chemical Burns entitling him to damages.

(*Id*. at ¶ 19.)

> 21) The Defendant Chad Khan [sic] in his supervisory position as Aramark Correctional Services, Inc., Food Service Manager/Director at the Pickaway Correctional Institution knowingly violated State and Federal Law(s) 29 USCA §§ 651 et seq., and CFR 1910.1 et seq., Hazardous/Caustic Toxic Chemicals Law(s) and Ohio's Dep't of Rehab. & Corrections Administrative Regulations 10-SAF-12 hazardous Commmications [sic] and Chemical Control Guidelines created to

protect the Plaintiff from injuries with hazardous/caustic/toxic chemicals. The Defendant(s) Deliberate Indifference caused plaintiff to suffer cruel and unusual punishment.  As a result of his 1st, and 2nd Degree Chemical Burns entitling him to damages.

(*Id*. at ¶ 21.)

While Defendant Sayre gave Plaintiff the chemical to use in cleaning, these allegations do not establish that she had a sufficiently culpable state of mind, that is, that she subjectively perceived and understood that Plaintiff faced a substantial risk of serious harm and disregarded that risk.

In addition, as discussed in connection with the deliberate indifference claim against Defendant Swanson, to the extent that the deliberate indifference claims are based only on the Aramark Employees' supervisory authority and not personal involvement, the Court has already dismissed these claims.  (ECF Nos. 23, 30.)  If, construing these allegations liberally, Plaintiff intends to allege that the Aramark Employees personally failed to train him properly, these allegations do not show that the Aramark Employees had sufficiently culpable states of mind, *i.e.*, that they knew of or disregarded an excessive risk to Plaintiff's health or safety.  For example, Plaintiff does not allege that the Aramark Employees forced Plaintiff to work knowing that doing so presented an excessive risk to Plaintiff or that Plaintiff or another inmate had previously been burned by the chemical and should have received instructions prior to its use. (*See generally* Amended Complaint; ECF No. 56.)  Therefore, Plaintiff has established, at most, that the Aramark Employees were negligent in this alleged job duty, which is insufficient to state a claim for deliberate indifference under Section 1983.  *See Jones v. Campbell*, 25 F. App'x 287, 288 (6th Cir. 2001) (finding that district court properly dismissed prisoner plaintiff's Eighth Amendment claim for injuries suffered while working at a recycling center because defendants were, at most, "negligent for allowing [the prisoner] to work in conditions in which his accident

was possible and the prisoner "cannot base an Eighth Amendment claim on mere negligence");

*Wheatley v. Ford*, No. 5:18-CV-P117, 2019 WL 2997840, at *3 (W.D. Ky. July 9, 2019) (finding

that "Plaintiff's allegation that maintenance 'knew it [a machine that ultimately injured prisoner

plaintiff] didn't work right' does not translate into an inference that a substantial risk of serious

harm existed" and that "[w]hile Plaintiff suffered an unfortunate accident while working in the

kitchen, his allegations do not constitute deliberate indifference to safety") (collecting cases);

*Robertson v. Shelby Cty., Tennessee*, 2007 WL 9706140, at *5 (W.D. Tenn. July 13, 2007)

(stating that the claim of unsafe working conditions did not rise to the level of deliberate

indifference because "[a]t most, the allegations support a claim that the County was negligent for

requiring [the prisoner plaintiff] to work under conditions that caused" his accident and that

"'[c]ourts have recognized that the mere failure to provide proper instructions or safety devices

for use on prison work details does not constitute deliberate indifference'") (quoting *Smalls v.*

*Berrios, M.D.*, No. 3:06cv96, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007)) (collecting

cases).

In opposition, Plaintiff asserts new allegations (*see* ECF No. 55), which are the same

allegations (and attachments) that Plaintiff offered in opposition to Defendant Swanson's Motion

to Dismiss. (*Compare* ECF No. 55 *with* ECF No. 56 (both alleging, *inter alia*, a failure to train

violated Ohio law and ODRC policy and that a failure to monitor chemicals resulted in

Plaintiff's injury).) These allegations, however, do not establish that any of the Aramark

Employees had the necessary culpable state of mind and, for the reasons previously discussed in

connection with the deliberate indifference claim against Defendant Swanson, do not save

Plaintiff's deliberate indifference claims against the Aramark Employees. (*See generally* ECF No. 55.)[11]

As to Aramark, Plaintiff "fails to plausibly allege, or allege at all for that matter, that Aramark maintained a policy or custom that disregarded inmates' [safety or] needs, as he needed to do to state a claim against the company." *Vartinelli*, 2019 WL 6464958, at *3 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). At this stage of the proceedings, Plaintiff "still has to allege plausible facts to establish a threshold claim for relief[,]" *id.*, which he has failed to do. *See also Ostrander,* 2016 WL 5402828, at *2–3 (finding that inmate plaintiff failed to state a claim for deliberate indifference against Aramark where the plaintiff alleged, *inter alia*, that he was given a "caustic chemicals" to clean an area and "was not told how dangerous or toxic this product was or is" and using them "resulted in chemical burns" to the inmate's leg). To the extent that Plaintiff contends that any misconduct by the Aramark Employees is sufficient to support a claim against Aramark, that attempt fails for the reasons previously discussed. Accordingly, as to Plaintiff's claims for deliberate indifference against the Aramark Defendants, it is **RECOMMENDED** the Motions to Dismiss (ECF Nos. 45 and 46) be **GRANTED**.

**B.     Claims violations of equal protection and claims under 29 C.F.R. §§ 1910.120, 1910.2200, *et seq.***

Plaintiff's claims for violations of equal protection and claims under 29 C.F.R. §§ 1910.120, 1910.2200, *et seq*. against the Aramark Defendants fail for the same reasons previously discussed in the sections addressing those claims against Defendant Swanson. Accordingly, as it relates to Plaintiff's claims for violations of equal protection and claims under

---

[11] Plaintiff's allegations in his additional filings (ECF Nos. 60 and 64) similarly fail to establish that the Aramark Employees had a sufficiently culpable state of mind.

29 C.F.R. §§ 1910.120, 1910.2200, *et seq*. against the Aramark Defendants, it is

**RECOMMENDED** that the Motions to Dismiss (ECF Nos. 45 and 46) be **GRANTED**.

## C.  Claims for violations of due process

Plaintiff alleges that Defendants violated his due process rights "based on an irrational, unreasonable and discriminatory motivation and by applying vague statutes, ordinance policies, regulations, practices and customs against plaintiff." (Am. Compl., ¶ 33.)  As previously discussed in connection with this claim against Defendant Swanson, while Plaintiff invokes the phrase due process and the Fourteenth Amendment, it is not clear whether he intends to assert a claim based on a violation of his procedural or substantive rights to due process. (*See* Am. Compl., ¶ 33.)  Again, as with Defendant Swanson, in his opposition to the Aramark Defendants' Motions to Dismiss, Plaintiff cites to the Due Process Clause of the Fourteenth Amendment as simply the method "that provides the same protections to pretrial detainees" as the Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 55 at PAGEID # 648.)  Based on this record, it does not appear that Plaintiff intends to assert claim for violations of procedural or substantive due process against the Aramark Defendants separate from his claims for deliberate indifference under the Eighth Amendment against them.

Even if he did intend to assert separate due process claims, Plaintiff's allegations against the Aramark Defendants amount to, at most, negligence for the reasons previously discussed. However, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (citations omitted); *see also Range v. Douglas*, 763 F.3d 573, 590 (6th Cir. 2014) ("Merely negligent tortious conduct is categorically beneath constitutional due process[.]").  Accordingly, as it relates to any due process claims against the Aramark Defendants, if asserted as separate claims

at all, it is **RECOMMENDED** that the Motions to Dismiss (ECF Nos. 45 and 46) be **GRANTED**.

**D.      Claims based on a failure to train**

Plaintiff alleges that Defendants violated his rights by failing to train subordinates, which is "shown by the conditions, policies, customs and/or practices alleged herein[.]"  (Am. Compl., ¶¶ 34–37.)  To the extent that Plaintiff intends by these allegations to hold the Aramark Employees personally liable under such a claim, Plaintiff, as previously discussed, must sufficiently allege that these individuals "'either encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Phillips*, 534 F.3d at 543 (quoting *Shehee*, 199 F.3d at 300).  Based on the factual allegations discussed earlier in this decision, Plaintiff has failed to assert facts from which it can be inferred that the Aramark Employees are liable on such a claim.  *Cf. Greiner*, 2019 WL 6799096, at *4; *Hill*, 2019 WL 4813002, at *4.

Turning to Aramark, as previously discussed, Plaintiff "fails to plausibly allege, or allege at all for that matter, that Aramark maintained a policy or custom that disregarded inmates' [safety or] needs, as he needed to do to state a claim against the company."  *Vartinelli*, 2019 WL 6464958, at *3 (citing *Monell*, 436 U.S. at 690–91); *see also Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (stating that a plaintiff must identify the following to demonstrate the existence of a municipal policy or custom leading to the alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations."); *Phillips v.*

*Ballard*, No. 5:17-cv-301, 2019 WL 2359571, at *19 (E.D. Ky. 2019) (finding that a complaint

fails to state a viable claim for failure to train or supervise "[w]here a complaint 'is devoid of any

allegations identifying the allegedly deficient policy, how existing policies and procedures are

inadequate or otherwise place inmates' serious medical needs at risk, or [Defendants'] awareness

of the deficiency in existing policy and the risk it posed'") (quoting *Dishman v. Correct Care

Sol., LLC*, No. 17-CV-98-HRW, 2018 WL 3097319, at *5 (E.D. Ky. June 22, 2018)).

Accordingly, as to Plaintiff's claims for failure to train, if any, asserted against the Aramark

Defendants, it is **RECOMMENDED** the Motions to Dismiss (ECF Nos. 45 and 46) be

**GRANTED**.

## E.    State-law claims of negligence and emotional distress

Having recommended that all the federal claims be dismissed, this Court, if it adopts this

recommendation, should decline to exercise supplemental jurisdiction over Plaintiff's state-law

claims of negligence and emotional distress asserted against the Aramark Defendants.  *See

Bartlett v. Washington*, No. 19-1285, — F. App'x —, 2019 WL 6522168, at *5 (6th Cir. Dec. 4,

2019) ("'When all federal claims are dismissed before trial, the balance of considerations usually

will point to dismissing the state law claims. . . .'") (quoting *Musson Theatrical, Inc. v. Fed. Exp.

Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)); *Brown v. Cassens Transp. Co.*, 546 F.3d 347,

363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction

over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."); *Habich v. City

of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) ("Supplemental jurisdiction is a doctrine of

discretion, not of plaintiff's right.").  Accordingly, as it relates to Plaintiff's claims of negligence

and emotional distress against the Aramark Defendants, it is **RECOMMENDED** that the Motions to Dismiss (ECF Nos. 45 and 46) be **GRANTED**.[12]

## VI. CONCLUSION

For the reasons that follow, it is **RECOMMENDED** that the Aramark's Motion to Dismiss (ECF No. 45), Aramark Employees' Motion to Dismiss (ECF No. 46), Plaintiff's Motion to Dismiss (ECF No. 56), and CCI and PCI Defendants' Motion to Dismiss as it relates to Defendant Swanson (ECF No. 36) be **GRANTED**. It is **FURTHER RECOMMENDED** that the Motion to Dismiss of Interested Party, the State of Ohio, on Behalf of Defendant Stephen Ratcliff (ECF No. 37) and CCI and PCI Defendants' Motion to Dismiss as it relates to Defendants Shoop, Crockett Harris, Roush, and Lawrence (ECF No. 36) be **DENIED AS MOOT**.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex*

---

[12] Having concluded that Plaintiff's claims against the Aramark Employees be dismissed for all these reasons, the undersigned need not, and does not, address the Aramark Employees' arguments under Rule 12(b)(5).

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**DATED:  January 15, 2019**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**