UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Herman Harris, Jr.,

    Plaintiff,

    vs.

Aramark Incorporation,
et al.,

    Defendants.

Case No. 2:17-cv-872

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Herman Harris Jr. ("Plaintiff"), proceeding *pro se*, brings a prisoner civil rights suit against Aramark Incorporation; Aramark Correctional Services, Inc. ("Corporate Defendants"); individual employees of Aramark Correctional Services, Inc. (Chad Kohn, Chad Hunt, and Gail Sayre); Deputy Warden of Operations at Chillicothe Correctional Institution Timothy Shoop; and employees at Pickaway Correctional Institution (Stephen Ratcliff, C. Crockett Harris, Missy Roush, Mary Lawrence, and Justin Swanson) (together, "Individual Defendants," and collectively with Corporate Defendants, "Defendants").

Plaintiff amended his original Complaint. The Amended Complaint asserts—against each Defendant—causes of action under 42 U.S.C. § 1983 for: deliberate indifference to serious medical needs in violation of the Eighth Amendment; violation of the Fourteenth Amendment right to Equal Protection;

and violation of the due process rights under the Fourteenth Amendment. Am. Compl., ECF No. 22. The Amended Complaint also brings causes of action against each Defendant under 29 C.F.R. §§ 1910.120 and 29 C.F.R. §§ 1910.2200, *et seq.*, as well as under state law for negligence and intentional infliction of emotional distress. *Id.*

Upon the recommendation of Chief Magistrate Judge Deavers after performing an initial screen, the Court dismissed all claims for monetary damages asserted against the Individual Defendants in their official capacities, the state-law negligence claims against the Individual Defendants, and all claims asserted against the Individual Defendants based solely on their supervisory capacity. R&R 1–2, ECF No. 23; Op. and Order, ECF No. 30.

Various Defendants then moved to dismiss Plaintiff's remaining claims, ECF Nos. 36, 37, 45, 46, and Plaintiff moved to voluntarily dismiss without prejudice all remaining claims against certain Individual Defendants, ECF No. 56. Plaintiff opposed dismissal of any other claims.

The Court now considers Plaintiff's objections to Chief Magistrate Judge Deavers' recommendation that the Court grant Plaintiff's motion to dismiss certain Individual Defendants without prejudice, grant Defendants' various motions to dismiss the remaining federal causes of action, and decline to exercise supplemental jurisdiction over the remaining state-law causes of action asserted against the Corporate Defendants. *See* R&R, ECF No. 73; Obj., ECF No. 76.

# I. FACTS

As set forth in prior Reports and Recommendations ("R&Rs"), Plaintiff's Amended Complaint alleges that, while confined at Pickaway Correctional Institution and working in food service, Plaintiff was directed to use a "highly toxic chemical cleaning product" to clean a certain area. Plaintiff alleges that he was not given proper training in how to use the product, was not given proper protection when using the product, and was not properly supervised when using the product. As a result, he suffered chemical burns of the first, second, and/or third degree on his hands, requiring multiple surgeries.

# II. STANDARD OF REVIEW

Under Rule 72(b), the Court must determine *de novo* any part of the Magistrate Judge's disposition to which Plaintiff has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

# III. ANALYSIS

## A. Plaintiff Has Waived His Right to Object to Many Portions of the R&R

As an initial matter, Plaintiff's statement that he objects "to the entire Report and Recommendation of the Magistrate Judge, specifically sections B. IV. A. B. 1, 2, 3, 4, 5, 6, V.A, B, C, D, E, VI, and the conclusion," Obj. 1, ECF No. 76, is insufficient to preserve for *de novo* review (or appeal) every issue considered in the R&R. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509

(6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). Rather, the Court considers *de novo* only those specific portions of the R&R that were properly objected to. *Nipper v. McMackin*, No. 93-3444, 1994 WL 28664, at *2 (6th Cir. 1994) ("Even if timely objections are filed, appellate review of any issue not contained in the objections is waived." (citations omitted)).

In this case, the R&R recommended dismissing without prejudice all remaining claims against Shoop, Ratcliff, Crockett Harris, Lawrence, and Roush. R&R 6, ECF No. 73. Plaintiff has not specifically objected to that recommendation. Because of his failure to object to that recommendation, and because Plaintiff himself moved to voluntarily dismiss without prejudice those Individual Defendants, Mot. 7, ECF No. 56, the Court **ADOPTS** that recommendation and **DISMISSES WITHOUT PREJUDICE** all remaining claims against Shoop, Ratcliff, Crockett Harris, Lawrence, and Roush.

The R&R also concluded that there is no private cause of action for an alleged OSHA violation and therefore recommended dismissing all claims against all Defendants asserted under 29 C.F.R. §§ 1910.120 and 29 C.F.R. §§ 1910.2200, *et seq*. R&R 17–18, 24–25, ECF No. 73. Plaintiff has failed to specifically object to this portion of the R&R, and the Court **ADOPTS** the same without *de novo* review. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims under 29 C.F.R. §§ 1910.120 and 29 C.F.R. §§ 1910.2200, *et seq*.

Additionally, Plaintiff failed to object to the Magistrate Judge's conclusions regarding Plaintiff's Equal Protection and Due Process claims. *See* R&R 15–17, 24–26, ECF No. 73. His objections focus entirely on his Eighth Amendment deliberate indifference claims. As such, he has waived the right to *de novo* review of those portions of the R&R addressing the Equal Protection and Due Process claims. The Court **ADOPTS** the recommendations contained therein and **DISMISSES** all Fourteenth Amendment claims **WITHOUT PREJUDICE**.

Finally, as it relates to the remaining Individual Defendants (Justin Swanson, Chad Kohn, Chad Hunt, and Gail Sayre), Plaintiff failed to articulate any specific objections to the R&R's conclusion that he failed to adequately state any claim against them. Rather, Plaintiff's objections focus almost entirely on his Eighth Amendment claim for deliberate indifference against Corporate Defendants. Plaintiff's sole contention regarding the Individual Defendants is that his claims against them should not be dismissed under Federal Rule of Civil Procedure 12(b)(5) because he submitted the proper paperwork to the Clerk of Court for service of process. Obj. 8–9, ECF No. 76. The R&R did not address the 12(b)(5) argument, however, finding instead that Plaintiff's Amended Complaint failed to state any federal claim against any Individual Defendant. E.g., R&R 28 n.12, ECF No. 73. Because Plaintiff did not develop any objection to that conclusion, the Court **ADOPTS** the R&R on this issue and **DISMISSES WITHOUT PREJUDICE** Plaintiff's federal claims against the remaining Individual

Defendants for failure to state a claim and the state-law claim for intentional infliction of emotional distress against Justin Swanson for lack of jurisdiction.

## B. The Magistrate Judge Did Not Err in Failing to Consider Plaintiff's Exhibits

Plaintiff contends the Magistrate Judge erred in failing to consider "Exhibits 1 through 21 attached with original civil cause of action" and "submitted Appendix." Obj. 1, ECF No. 76. The Court disagrees.

Plaintiff did not file any exhibits or appendices to his Amended Complaint, which is the operative Complaint. See ECF No. 22. He did, however, file two exhibits to his briefs submitted in opposition to the motions to dismiss. See ECF Nos. 55 & 56. The R&R recognized that fact and properly explained the standard for consideration of exhibits at the motion to dismiss stage. R&R 12 n.5, ECF No. 73. Moreover, the R&R stated that even if Plaintiff's exhibits were considered, they would not show that any Individual Defendant had prior knowledge that the chemical posed a substantial risk of serious harm to Plaintiff and that the Individual Defendant disregarded that risk. *Id.*

Plaintiff has objected only to the Magistrate Judge's refusal to consider the exhibits and not to the alternative conclusion that the exhibits would not save Plaintiff's Amended Complaint from failing to state a claim. For this reason alone, Plaintiff's objection is **OVERRULED**. Alternatively, the Court reviewed *de novo* those exhibits and agrees that they do not help the Amended Complaint state a claim for deliberate indifference against the Individual Defendants, even if

they were considered in connection with the motions to dismiss. Exhibit A is an Informal Complaint Resolution that does not name any specific Defendant and therefore does not allege the subjective component of a deliberate indifference claim. Exhibit B is a Disposition of Grievance concerning another inmate who filed a grievance *after* Plaintiff's alleged incidence. As such, it likewise has no bearing on whether any Individual Defendant actually drew an inference of a substantial risk of serious harm to Plaintiff and ignored that risk at the time of Plaintiff's injuries. Plaintiff's objection is **OVERRULED**.

## C. Plaintiff's Remaining Objections Fail

As it relates to the Corporate Defendants' liability on Plaintiff's Eighth Amendment deliberate indifference claims, Plaintiff asserts several objections.

First, he argues that he suffered serious injury to his hands as a result of using the chemical cleaning product. *See* Obj. 7–8, ECF No. 76.

This objection is meritless, however, because the R&R *agreed* with Plaintiff that "he has met the objective prong of his deliberate indifference claims against the Aramark Defendants." R&R 20, ECF No. 73.

Second, Plaintiff argues that he sufficiently alleged Corporate Defendants were grossly negligent in bringing the hazardous chemical into Pickaway Correctional Institution without following ODRC's written policies for hazardous chemicals. *See, e.g.*, Obj. 7, ECF No. 76 ("[W]hen and [sic] entity such as Aramark an outside contractor of the ODRC brings in uncheck [sic] hazardous chemical without following the procedures and policy guidelines then they take

on the responsibility of and the liability in bring [sic] unauthorized chemicals. . . . Defendant careless, gross negligence [sic] and liable to the Plaintiff."). He argues that the Magistrate Judge was incorrect to conclude that a violation of ODRC's policies and procedures cannot support a claim for deliberate indifference. Obj. 10, ECF No. 76.

This objection lacks merit. The R&R correctly concluded that a violation of internal policies and procedures does not necessarily amount to a violation of the Eighth Amendment of the United States Constitution. R&R 12, ECF No. 73. Such a conclusion does not, contrary to Plaintiff's objection, suggest that the Ohio Revised Code is unconstitutional. See Obj. 10, ECF No. 76. Nor does it abridge Plaintiff's rights under the Eighth Amendment or Fourteenth Amendment of the United States Constitution or the Ohio Bill of Rights. See id. Similarly, it does not deprive Plaintiff of his right to address constitutional violations. See id. Rather, the R&R appropriately recognizes that whether Corporate Defendants are liable for deliberate indifference under the Eighth Amendment is a question of federal law, and a violation of ODRC policy is insufficient, alone, to show that the federal standard for deliberate indifference has been satisfied. E.g., Meier v. Cty. of Presque Isle, 376 F. App'x 524, 529 (6th Cir. 2010) (failure to comply with departmental policy "not a per se constitutional violation." Rather, "the focus remains on whether [Defendant] appreciated and recklessly disregarded [Plaintiff's] medical needs."); Blaine v. Louisville Metro. Gov., 768 F. App'x 515, 530 (6th Cir. 2019) (Recognizing that although "[a]n official's failure to follow

applicable policies and protocols can be persuasive evidence of deliberate indifference in the Eighth Amendment context . . . the failure to follow internal policies, without more, [does not] constitute deliberate indifference." Instead, a plaintiff must show the defendants "were subjectively aware of information from which [they] could have inferred a substantial risk . . . and acted with reckless disregard of that risk." (internal quotation marks and citations omitted)).

Third, Plaintiff argues that he has stated a claim for deliberate indifference against the Corporate Defendants because he alleged that they were grossly negligent. Obj. 7–9, ECF No. 76.

Upon *de novo* review, the Court agrees with the Magistrate Judge that Plaintiff failed to state a claim for deliberate indifference against the Corporate Defendants. *See* R&R 24, 26–27, ECF No. 73. With respect to the Corporate Defendants, the Amended Complaint "fails to plausibly allege, or allege at all for that matter, that Aramark maintained a policy or custom that disregarded inmates' [safety or] needs, as he needed to do to state a claim against the company." R&R 24 (quoting *Vartinelli v. Aramark Corr. Servs., LLC*, No. 19-1428, 2019 WL 6464958, at *3 (6th Cir. Dec. 2, 2019)). He further failed to state a claim based on Corporate Defendant's failure to train. *See* R&R 26–27, ECF No. 73. For this reason, his deliberate indifference claims against the Corporate Defendants fail, and the Court **DISMISSES THE SAME WITHOUT PREJUDICE.**

## IV. CONCLUSION

Plaintiff's federal claims against all Defendants are dismissed for the reasons stated above. Plaintiff has not objected to the R&R's recommendation that, in the event the Court dismisses the federal claims, the Court decline to exercise supplemental jurisdiction over any remaining state-law claims. R&R 27–28, ECF No. 73. The Court **ADOPTS** that recommendation and declines to exercise supplemental jurisdiction over any state-law claims that were not previously dismissed. The Court **DISMISSES WITHOUT PREJUDICE** those remaining state-law claims.

The Clerk shall enter judgment for Defendants and terminate this case.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT